UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NGHIEM,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA UNIVERSITY, and others,<br><br>    Defendants. | Case No. 21-cv-06872-NC<br><br>**REQUEST FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS COUNTS 4 AND 5 AND CLAIMS AGAINST GRACE LING WITHOUT LEAVE TO AMEND** |

On September 28, 2021, the Court screened pro se Plaintiff Peter Nghiem's complaint under 28 U.S.C. § 1915(E)(2) and concluded that it failed to state a claim for race discrimination under 42 U.S.C. § 1981 (Count 2 of the original complaint), disability discrimination under the Americans with Disabilities Act (Count 4), violation of California's Fair Housing and Employment Act (Count 5), defamation (Count 6), and conspiracy (Count 7). The Court concluded that the Complaint did state a claim for retaliation under Title VII (Count 1) against all Defendants except Grace Ling and age discrimination under the Age Discrimination Employment Act (Count 3) against Nam Ling. *See* Screening Order, ECF 9. The Court found that Plaintiff had not stated a claim for retaliation against student Grace Ling because Ling had "made no hiring, promotion, or scheduling decisions." ECF 9 at 4. Additionally, the court observed that the narrative style of the complaint raised concerns under Fed. R. Civ. P. 10.

The Court granted Nghiem leave to amend by October 22, 2021, informing him that allegations which did not state a claim would be dismissed at that time. ECF 9 at 7. Plaintiff filed an amended complaint on October 25, 2021.  ECF 10.  The Amended Complaint does away with the disability discrimination and conspiracy allegations.  It also adds a retaliation claim to its 42 U.S.C. §1981 claim.  ECF 10 ¶ 59.  Also in the Amended Complaint is the attachment of more evidence of the same circumstances Plaintiff recounted in the initial complaint. To be sure, the Amended Complaint itself is better drafted than its predecessor, and it includes more detail. This improvement arguably remedies Rule 10 deficiencies identified by this Court in its initial order, yet it does not change the underlying legal analysis.

Having now screened the Amended Complaint, the Court reaches largely the same conclusions with respect to the Amended Complaint as the initial one.  The two changes are 1) that the Court concludes that Defendant has now stated a plausible claim for violation of the Age Discrimination Employment Act against all Defendants except Grace Ling and 2) the Court finds plausible the retaliation claim under 42 U.S.C. §1981 (Count 2).

Additionally, having carefully reviewed the papers, the Court is persuaded that further leave to amend would be futile.  Different than the initial Complaint, the Amended Complaint and attached documentation provide a comprehensive accounting of Plaintiff's version of events.  Those allegations which fail to state a claim do not suffer from inadequate factual description; instead, the problem is that those facts do not meet the requisite legal standard of plausibly stating a claim for relief.  In short, Plaintiff did not remedy the deficiencies noted in the September 28, 2021 order.

Because further amendment would be futile, the Court recommends that Counts 4, and 5 be dismissed without leave to amend; and that all claims against Grace Ling be dismissed without leave to amend.  Under Fed. R. Civ. P. 72(b)(2), any party may object within 14 days of being served with this order.

Defendants have not appeared, nor consented to the jurisdiction of a magistrate

judge under 28 U.S.C. § 636(c). Accordingly, the Court REQUESTS that this case be reassigned to a District Judge, with the RECOMMENDATION that Plaintiff's claim of violation of California's Fair Housing and Employment Act (Count 4) and defamation (Count 5) be dismissed. This Court also recommends that all claims be dismissed against Defendant Grace Ling. Finally, the Court finds that the Amended Complaint does state a plausible claim under the Age Discrimination Employment Act, as well as for retaliation under both Title VII and 42 U.S.C. § 1981.

As it did before, this Court informs Nghiem that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage. The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants.*

In conclusion, the Clerk of Court is asked to provide the Amended Complaint, summons, and this Order to the U.S. Marshals Service, directing the Marshals to serve them upon defendants Santa Clara University, Nam Ling, and Jeremy Kemp. To be clear, this Order has assumed the facts of the Complaint to be true. The defendants have yet to appear, to admit or deny the allegations, or to raise any defenses. The defendants have a right to raise defenses and to assert evidence that was not considered in this screening order. They need only respond to the legal claims stated against them in Counts 1 (retaliation), 2 (retaliation) and 3 (age discrimination) of the Amended Complaint.

Because the case will be reassigned to a District Judge, the February 2, 2022, case management conference is VACATED. New case deadlines will be set by the next Judge.

**IT IS SO ORDERED.**

Dated: December 23, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge