# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PETER P NGHIEM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA UNIVERSITY, et al.,<br><br>　　　　　Defendants. | Case No.  21-cv-06872-BLF<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>[Re:  ECF No. 15] |

Before the Court is Judge Cousins's Report and Recommendation in this employment discrimination case.  This is an action brought by Plaintiff Peter P. Nghiem, a Quarterly Adjunct Lecturer ("QAL") at Santa Clara University ("SCU"), against Defendants SCU, Nam Ling, Grace Ling, and Jeremy Kemp.  Plaintiff alleges that Defendants engaged in a campaign of harassment and defamation as a pretext to discriminate against Plaintiff due to his age and race between 2019 and 2020, leading to Plaintiff's failure to be promoted and the cancellation of the courses he taught, including based on Plaintiff's reporting of Defendants' conduct.

Plaintiff alleges (1) race discrimination and retaliation in violation of Title VII against SCU; (2) race discrimination and retaliation in violation of 42 U.S.C. § 1981 against Nam Ling, Jeremy Kemp, and SCU; (3) age discrimination and retaliation in violation of the Age Discrimination and Employment Act ("ADEA") against SCU; (4) race and age discrimination and retaliation in violation of the Fair Employment and Housing Act ("FEHA") against SCU; and (5) defamation in employment against Jeremy Kemp, Grace Ling, and SCU.  Judge Cousins recommends dismissal of Claims 4 and 5.

Having reviewed Judge Cousins's Report and Recommendation *de novo*, along with the record in this case, the Court hereby ADOPTS IN PART Judge Cousins's Report and

Recommendation. The Court ADOPTS Judge Cousins's recommendations that Claims 1, 2, and 3 are adequately pled, and that Plaintiff fails to state a claim for defamation (Claim 5). Accordingly, the Court DISMISSES Claim 5 WITHOUT LEAVE TO AMEND. The Court declines to adopt Judge Cousins's recommendation to dismiss Claim 4.

## I.  BACKGROUND

### A.  Procedural Background

On September 3, 2021, Plaintiff filed a Complaint against Defendants, alleging violations of (1) Title VII; (2) § 1981; (3) the ADEA; (4) the Americans with Disabilities Act ("ADA"); and (5) the FEHA and for (6) defamation and (7) conspiracy to commit civil wrong and tort. *See* Complaint, ECF No. 1. The case was originally assigned to Judge Cousins. Plaintiff moved for leave to proceed *in forma pauperis*. *See* ECF No. 2. In granting Plaintiff's motion, Judge Cousins screened the Complaint under 28 U.S.C. § 1915(e), finding that "the complaint [was] not in proper form, some causes of action both fail to state a claim under which relief can be granted and fail to identify the legal authority on which [] those causes of action rely." *See* Screening Order, ECF No. 9 at 6. Judge Cousins found that Plaintiff's Title VII claim against all defendants except Grace Ling and ADEA claim against Nam Ling were sufficiently pled, but Plaintiff had failed to state a claim for the other counts. *See id.* at 3–6. Judge Cousins granted Plaintiff leave to amend as to all claims. *See id.* at 6.

On October 25, 2021, Plaintiff filed the First Amended Complaint. *See* First Amended Complaint ("FAC"), ECF No. 10. On December 23, 2021, Judge Cousins requested reassignment of this case to a district court judge and issued a Report and Recommendation to dismiss Claims 4 and 5 of the First Amended Complaint. *See* Report and Recommendation ("R&R"), ECF No. 15.

On January 5, 2022, Plaintiff filed an Objection to Judge Cousins's Report and Recommendation, arguing that the Court should not dismiss Claims 4 and 5 of the First Amended Complaint. *See* Objection, ECF No. 19.

### B.  Factual Background

Plaintiff is a California resident who has worked as a QAL for SCU since September 2018. *See* FAC, ECF No. 10 ¶ 9. He is of Vietnamese descent, and throughout the events alleged in his

2

1    complaint, he was in his late 50s or early 60s.  *See id.* ¶ 17.  *See* Defendant SCU is a private
2    university in California.  *See id.* ¶ 10.  Defendant Nam Ling is Chair of the Computer Science and
3    Engineering ("COEN") department at SCU.  *See id.* ¶ 11.  Mr. Ling is of Chinese descent.  *See id.*
4    Defendant Grace Ling is Mr. Ling's daughter, who was an SCU student who enrolled in one of
5    Plaintiff's courses during Fall 2019.  *See id.* ¶ 12.  Defendant Jeremy Kemp is an SCU
6    Online/Hybrid Learning Specialist.  *See id.* ¶ 13.

7    Plaintiff alleges that he has been applying for a tenure-track Assistant Professor position in
8    the COEN department since 2017.  *See* FAC, ECF No. 10 ¶ 9.  He has been employed as a QAL
9    since September 2018.  *See id.* ¶ 9.  Plaintiff alleges that the COEN department's hiring practices
10   gave preference to Chinese and less-qualified younger individuals for tenure-track Assistant
11   Professor positions from 2012 to 2021.  *See id.* ¶¶ 15–16.  Plaintiff alleges that between 2012 and
12   2021, seven out of twelve newly hired full-time or tenure-track faculty positions were Chinese and
13   none was Vietnamese.  *See id.* ¶ 16.  Plaintiff also alleges that the full-time faculty of the COEN
14   department is predominantly Chinese and Caucasian, and none of the full-time faculty is
15   Vietnamese.  *See id.*  Additionally, Plaintiff alleges that the individuals in newly hired tenure-track
16   positions in the COEN department were in their thirties, and none was in their fifties or sixties.  *See*
17   *id.* ¶ 17.  Plaintiff alleges that Defendants subjected Plaintiff to a campaign of harassment,
18   humiliation, discrimination, and retaliation while publishing defamatory statements about Plaintiff
19   to create a pretext to discriminate against him and decline to promote him based on his age and race.
20   *See, e.g., id.* ¶¶ 16, 24.

21   The alleged campaign of harassment against Plaintiff began on or about August 23, 2019.
22   On that date, Plaintiff alleges that during a faculty Multimedia video workshop, Mr. Kemp made
23   "disrespectful and denigrating comments and gesture" toward Plaintiff in front of faculty attendees,
24   including by implying that Plaintiff was not qualified to teach his courses and should be ousted from
25   his position at SCU.  *See id.* ¶ 13.  Plaintiff alleges that he and Brian Larkin, an SCU Instructional
26   Technology Manager, reported the incident to Belinda Guthrie, Director of EEO and Title IX at
27   SCU.  *See id.* ¶ 25.  Plaintiff alleges that in response to Plaintiff's report, Mr. Kemp emailed Plaintiff
28   on September 6, 2019 including a veiled threat to Plaintiff by indicating that he is good friends with

the wife of Mr. Ling, COEN department chair. *See id.* ¶ 26.

In December 2019, during a meeting in Mr. Ling's office, Mr. Ling told Plaintiff that he had not been considered for tenure track positions because of his old age, and that the department was looking for younger PhD graduates. *See id.* ¶ 28. Mr. Ling further told Plaintiff that he should apply to teach at area community colleges. *See id.*

During Fall 2019, Mr. Ling's daughter Grace Ling had enrolled in one of Plaintiff's courses. *See id.* ¶ 13. Plaintiff alleges that Ms. Ling performed poorly in his course, but he was told by Mr. Ling that she should receive a grade of B or above in Plaintiff's course. *See id.* ¶¶ 30–31. Plaintiff gave Ms. Ling a C+ in his course. *See id.* ¶ 31. On or about December 18, 2019, Plaintiff received students' course evaluations, including one from Ms. Ling. *See id.* ¶ 32. Plaintiff alleges that Ms. Ling indicated in her course evaluation that Plaintiff was "unprofessional and condescending;" that he "creates a learning environment [that] is hostile and discouraging;" that his "behavior is threatening because he was following and stalking me;" that Plaintiff violated her privacy by saying in front of other students that she received one of the lowest scores in the class on the midterm; and that Plaintiff "is a danger to students." *See id.* ¶ 32. Plaintiff alleges that Ms. Ling's course evaluation included several fabrications about him. *See id.* ¶ 33. Plaintiff alleges that in addition to the course evaluation—which was accessible to SCU faculty—Ms. Ling also made a complaint about Plaintiff in person with Silvia Figueira, the Acting Chair of the COEN department, and posted a publicly available evaluation regarding Plaintiff on ratemyprofessors.com. *See id.* ¶¶ 33, 40; 92–93; 95.

On or about January 7, 2020, Plaintiff alleges he emailed a declaration rebutting various allegations in Ms. Ling's course evaluation to Ms. Figueira; Weijia Shang, a COEN department Lead Professor; and Elaine Scott, Dean of SCU Engineering School. *See id.* ¶ 35; *see also id.*, Ex. 3. On or about January 9, 2020, Plaintiff forwarded the email to Ms. Guthrie, Director of the SCU Title IX Office. *See id.* ¶ 36. Further, when he discovered Ms. Ling's ratemyprofessors.com evaluation, he sent it to Ms. Guthrie on or about September 24, 2020—not having heard back from her based on his January 2020 communications. *See id.* ¶ 39. On or about September 25, 2020, Ms. Guthrie stated that Plaintiff's complaint did not fall under the purview of SCU's Policy on Unlawful

Harassment and Discrimination. *See id.* ¶ 40. On or about December 20, 2020, Plaintiff further alleges Ms. Figueira "downplayed" Ms. Ling's comments by indicating that the faculty would consider the evaluation to be an outlier and that Plaintiff would not "need to do anything about this." *See id.* ¶ 34.

Throughout 2020, Plaintiff alleges that the courses he was assigned to teach were all canceled due to low enrollment, and he has not been assigned any courses to teach since. *See id.* ¶¶ 20–22, 38. Plaintiff further alleges that Ms. Ling was not disciplined or reprimanded for her actions. *See id.* ¶ 42. Plaintiff alleges that the campaign of harassment and defamation against him by Defendants was a pretext for Defendants to discriminate against him based on age and race, and to retaliate against him for his various complaints. *See id.* ¶¶ 9, 13, 16, 22, 24.

## II.   LEGAL STANDARD

When determining whether a plaintiff has stated a claim, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III.   DISCUSSION

### C.   Claims 1, 2, and 3

Judge Cousins recommends that the Court decline to dismiss Plaintiff's first, second, and third causes of action for (1) race discrimination and retaliation in violation of Title VII against

5

1    SCU; (2) race discrimination and retaliation in violation of 42 U.S.C. § 1981 against Nam Ling,
2    Jeremy Kemp, and SCU; and (3) age discrimination and retaliation in violation of the ADEA against
3    SCU.  *See* R&R, ECF No. 15.  No objection to these recommendations of Judge Cousins was filed,
4    and the time to object has passed.  *See* Fed. R. Civ. P. 72(b)(2).

5    Finding Judge Cousins's reasoning regarding Plaintiff's first, second, and third causes of
6    action correct, well-reasoned, and thorough, the Court adopts these recommendations in every
7    respect.  Accordingly, the Court declines to dismiss Plaintiff's first, second, and third causes of
8    action.

        **D.**     **Claim 4 – Violation of FEHA (SCU)**

10   Judge Cousins recommends that the Court dismiss Plaintiff's fourth cause of action—for
11   SCU's race and age discrimination and retaliation in violation of the FEHA.  *See* R&R, ECF No. 15
12   at 2.  Judge Cousins indicates that Plaintiff did not remedy the deficiencies Judge Cousins noted in
13   his September 28, 2021 order.  *See id.* at 2.  In that order, Judge Cousins noted that "the complaint
14   does not specify which conduct on the part of Defendants violates FEHA, nor how it violates
15   FEHA."  Screening Order, ECF No. 9 at 5.

16   In his objection to Judge Cousins's Report and Recommendation, Plaintiff argues that Judge
17   Cousins contradicts its own ruling that Plaintiff has plausibly stated a claim for Count 1 under Title
18   VII; Count 2 under 42 U.S.C. § 1981; and Count 3 under ADEA, because the standard under the
19   FEHA is "equivalent" to the Title VII and ADEA standard, and he has pointed to the same facts in
20   support of his FEHA claim as for his Title VII and ADEA claims.  *See* Objection, ECF No. 19
21   at 3–4.  Further, Plaintiff argues that he has remedied the deficiencies Judge Cousins identified in
22   his original Complaint.  *See id.* at 3–4.

23   To state a prima facie discrimination case under FEHA, Plaintiff must establish that (1) he
24   was a member of a protected class, (2) he was qualified for the position he sought or was performing
25   competently in the position he held, (3) he suffered an adverse employment action, such as
26   termination, demotion, or denial of an available job, and (4) some other circumstance suggests
27   discriminatory motive.  *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 354 (2000).

28   The Court disagrees with Judge Cousins's recommendation to dismiss Plaintiff's age

discrimination claim. First, Plaintiff alleges that he was a member of a protected class—*i.e.*, that he was 40 years of age or older at all relevant times. *See* FAC, ECF No. 10 ¶ 17; *Santillan v. USA Waste of Calif., Inc.*, 853 F.3d 1035, 1043 (9th Cir. 2017). Second, Plaintiff alleges that he was performing competently in the position he held, including by pointing to the indication of lead professors that he would be assigned to teach various courses regularly. *See* FAC, ECF No. 10 ¶¶ 20, 22; *see also id.* ¶¶ 25, 37. Third, Plaintiff alleges that he suffered an adverse employment action, including cancellation of his assignment to teach courses. *See id.* ¶¶ 38, 39, 42. Fourth, Plaintiff alleges that some other circumstance suggests discriminatory motive, including Mr. Ling, Chair of the COEN Department, saying to Plaintiff that he was too old for the Assistant Professor position. *See id.* ¶¶ 26, 47. Accordingly, the Court finds that Plaintiff has adequately alleged a claim for age discrimination under FEHA.

The Court further disagrees with Judge Cousins's recommendation to dismiss Plaintiff's race discrimination claim. First, Plaintiff alleges he was a member of a protected class because of his Vietnamese origin. *See* FAC, ECF No. 10 ¶ 15. The second and third elements are alleged as outlined above for Plaintiff's age discrimination claim. Further, Plaintiff has alleged the fourth element by pointing to the demographics of the individuals hired by the department between 2012 and 2021, which, construing all factual allegations in Plaintiff's favor, are sufficient to "suggest[] discriminatory motive." *Guz*, 24 Cal.4th at 354; *see* FAC, ECF No. 10 ¶ 16. Accordingly, the Court finds that Plaintiff has adequately alleged a claim for race discrimination under FEHA.

Additionally, the Court disagrees with Judge Cousins's recommendation to dismiss Plaintiff's retaliation claim under FEHA. To assert a prima facie retaliation claim under FEHA, "the plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Flait v. North American Watch Corp.*, 3 Cal.App.4th 467, 476 (1992). Here, Plaintiff has alleged that he (1) engaged in a protected activity (*e.g.,* filing complaints with Belinda Guthrie, Director of SCU Title IX Office); (2) SCU subjected him to adverse employment action (the cancellation of classes outlined above); and (3) there is a causal link between the protected activity and the employer's action (the cancellation of class occurred shortly after his filing

1  complaints with Ms. Guthrie, and he alleges a causal link).  *See* FAC, ECF No. 10 ¶¶ 25–42.
2  Accordingly, the Court finds that Plaintiff has adequately alleged a claim for retaliation under
3  FEHA.
4  Based on the above reasoning, the Court declines to dismiss Plaintiff's FEHA claim against
5  SCU per Judge Cousins's recommendation.

### E. Claim 5 – Defamation (Jeremy Kemp, Grace Ling, SCU)

Judge Cousins recommends that the Court dismiss Plaintiff's defamation claim against Jeremy Kemp, Grace Ling, and SCU since Plaintiff did not remedy the deficiencies noted in Judge Cousins's September 28, 2021 order.  *See* R&R, ECF No. 15 at 2–3.  In that order, Judge Cousins ruled that in the original Complaint, Plaintiff failed to cite a statute that has been violated or to tie Ms. Ling's actions to any of the elements of defamation.  *See* Screening Order, ECF No. 9 at 5–6.

In the FAC, Plaintiff alleges that Defendants violated California Civil Code § 44–46 for "false and unprivileged statements that are injurious to his reputation."  *See* FAC, ECF No. 10 ¶ 88.  Plaintiff alleges that Mr. Kemp made "disrespectful" and "belittling" remarks about Plaintiff's qualifications during a faculty workshop, including insinuating that Plaintiff "did not develop any coursework materials for [his] class and just used what was handed to [him] by [his] department."  *See id.* ¶ 91.  Plaintiff further alleges that Ms. Ling made multiple defamatory statements in a statement to department management course evaluations "reviewed by SCU management and faculty and partially accessible by students" and publicly accessible on the website www.ratemyprofessors.com.  *See id.* ¶¶ 92–93, 95.  Additionally, Plaintiff alleges that SCU may be responsible for (1) the alleged defamatory acts of its employees and (2) nonemployee Grace Ling under California Government Code § 12940, based on its failure to take immediate and appropriate corrective action despite Plaintiff and others' reports.  *See id.* ¶¶ 100–101.  Further, Plaintiff alleges that SCU may be responsible for Ms. Ling's conduct because she was acting as an agent for her father Mr. Ling and SCU to damage plaintiff's reputation.  *See id.* ¶ 101.

In his objection to Judge Cousins's Report and Recommendation, Plaintiff argues that he has adequately alleged the elements of a defamation claim in California by alleging (1) false statements of purported fact (2) published to a third party (3) by defendants who made the statement

8

1  negligently, recklessly, or intentionally and, (4) as a result, Plaintiff's reputation was damaged. *See* Objection, ECF No. 19 at 5.

The elements of defamation are (1) a publication that is (2) false, (3) defamatory, and (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage. *See Redfearn v. Trade Joe's Co.*, 20 Cal.App.5th 989, 1007 (2018) (citation omitted). Further, the publication must be an "intentional publication of a statement of fact," and it must "specifically refer to, or be 'of and concerning' the plaintiff." *Id.* (citing *John Doe 2 v. Superior Court*, 1 Cal.App.5th 1300, 1312 (2016)).

As to Plaintiff's defamation claim against Mr. Kemp, the Court agrees with Judge Cousins. Plaintiff fails to allege any false statements of fact made by Mr. Kemp, instead alleging only "disrespectful and suggestive belittling remarks" and a "denigrating insinuation." *See* FAC, ECF No. 10 ¶ 91; *see also id.* ¶¶ 13, 25. Accordingly, the Court finds that Plaintiff has failed to state a claim for defamation against Mr. Kemp.

As to Plaintiff's defamation claim against Ms. Ling, the Court further agrees with Judge Cousins. Plaintiff's allegations against Ms. Ling relate to her course evaluations regarding Plaintiff. The Court finds that it is not plausible that Ms. Ling's course evaluations constituted an "intentional publication of a statement of fact," but rather a statement of opinion invited by SCU regarding its teachers. Further, while Plaintiff includes a declaration purporting to show how each of Ms. Ling's statements in her course evaluation were false, the Court is not convinced that these statements of opinion are such that Plaintiff can say they were plausibly "false." *See id.*, Ex. 3. Accordingly, the Court finds that Plaintiff has failed to adequately allege a defamation claim against Ms. Ling.

Plaintiff's defamation claim against SCU is based solely on his defamation claims against Mr. Kemp and Ms. Ling. *See* FAC, ECF No. 10 ¶¶ 100–101. Since Plaintiff fails to adequately allege defamation against Mr. Kemp or Ms. Ling, his defamation claim against SCU fails as well.

Accordingly, the Court DISMISSES Plaintiff's defamation claim. Since Plaintiff has shown a repeated failure to cure deficiencies in his pleadings by amendment, the Court's dismissal is WITHOUT LEAVE TO AMEND. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. the Court ADOPTS Judge Cousins's recommendation regarding Claims 1 to 3 and declines to dismiss those claims;

2. the Court DECLINES TO ADOPT Judge Cousins's recommendation to dismiss Claim 4 against SCU; and

3. the Court ADOPTS Judge Cousins's recommendation as to Claim 5 and DISMISSES that claim WITHOUT LEAVE TO AMEND.

Dated: February 23, 2022

_____
BETH LABSON FREEMAN
United States District Judge