UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER P NGHIEM,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY, et al.,<br><br>Defendants. | Case No. 21-cv-06872-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR AN INTERLOCUTORY APPEAL**<br><br>[Re: ECF No. 33] |

Before the Court is Plaintiff Peter P. Nghiem's Motion for Leave to File a Motion for Reconsideration or an Interlocutory Appeal. *See* Motion, ECF No. 33.

### I. BACKGROUND

This is an action brought by Plaintiff Peter P. Nghiem, a Quarterly Adjunct Lecturer ("QAL") at Santa Clara University ("SCU"), against Defendants SCU, Nam Ling, Grace Ling, and Jeremy Kemp. Mr. Nghiem alleges that Defendants engaged in a campaign of harassment and defamation as a pretext to discriminate against Mr. Nghiem due to his age and race between 2019 and 2020, leading to Mr. Nghiem's failure to be promoted and the cancellation of the courses he taught, including based on Mr. Nghiem's reporting of Defendants' conduct. As to Defendant Grace Ling, Mr. Nghiem alleges that she posted defamatory course reviews about him.

On December 23, 2021, Judge Cousins filed a Report and Recommendation to dismiss Plaintiff's claims for (1) violation of California's Fair Housing and Employment Act ("FEHA") claim and (2) defamation against Jeremy Kemp, Grace Ling, and SCU. *See* ECF No. 15. Mr. Nghiem filed an objection to the Report and Recommendation, arguing that his First Amended Complaint properly stated FEHA and defamation claims. *See* ECF No. 19. On February 23, 2022, the Court adopted Judge Cousins's Report and Recommendation in part, dismissing Mr. Nghiem's

1  defamation claim (and thereby dismissing all claims against Defendant Grace Ling from the case)
2  but declining to dismiss Mr. Nghiem's FEHA claim. *See* ECF No. 31. As to the defamation claim
3  against Ms. Ling, the Court found that it was not plausible that Ms. Ling's course evaluations
4  constituted an "intentional publication of a statement of fact," but rather a statement of opinion. *See*
5  Order, ECF No. 31 at 9.

6  On March 24, 2022, Mr. Nghiem filed a motion for leave to file a motion for reconsideration
7  or an interlocutory appeal. *See* Motion, ECF No. 33. Mr. Nghiem only challenges the Court's
8  dismissal of his defamation claim against Defendant Grace Ling, as well as the Court's dismissal of
9  his defamation claim against SCU, which is based on his claim against Ms. Ling. *See id.*

## II. LEGAL STANDARD

Under Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Under Civil Local Rule 7-9(b), a motion for leave to file a motion for reconsideration must show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Whalen v. Ford Motor Co.*, No. 13–CV–03072–EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Garcia v. City of Napa*, No. C–13–03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)).

A district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of the order will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

### III. DISCUSSION

#### A. Motion for Leave to File a Motion for Reconsideration

First, the Court considers Mr. Nghiem's motion for leave to file a motion for reconsideration of the Court's order. Mr. Nghiem brings his motion under Civil Local Rule 7-9(b)(3), which requires him to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before it issued its Order. *See* Motion, ECF No. 33 at 1; Civ. L.R. 7-9(b)(3). Mr. Nghiem argues that the Court "missed" several dispositive legal arguments and material facts. *See id.* First, Mr. Nghiem argues that the Court missed that SCU department management course evaluations and the public website www.ratemyprofessors.com were two unrelated forums, and Ms. Ling only had privilege to post defamatory statements in her SCU course evaluations. *See id.* at 2. Second, Mr. Nghiem argues that the Court missed dispositive legal arguments and facts indicating the falsity of Ms. Ling's statements and her knowledge of that falsity. *See id.* at 2–3. Third, Mr. Nghiem argues that the Court missed dispositive legal arguments regarding statements of opinion that contain an implication or assertion of objective fact. *See id.* at 3–4.

The Court finds that Mr. Nghiem has failed to show that it manifestly failed to consider material facts or dispositive legal arguments in its order. As to Mr. Nghiem's first argument, the Court does not see how the lack of affiliation between SCU and www.ratemyprofessors.com changes the Court's conclusions that Ms. Ling's statements on either forum were statements of opinion. *See* Order, ECF No. 31 at 9. Regarding Mr. Nghiem's second argument, the Court did not fail to consider the evidence Mr. Nghiem provided of the alleged falsity of Ms. Ling's statements. Rather, the Court found that as statements of opinion, Ms. Ling's course evaluations could not be considered plausibly "false." *See id.* As to Mr. Nghiem's third argument, he recites case authority he cited in his First Amended Complaint regarding statements that contain or imply an assertion of

3

fact. At no point has Mr. Nghiem shown how these cases apply to Ms. Ling's statements, and Mr. Nghiem again fails to do so in his motion for leave to file a motion for reconsideration.

Accordingly, the Court DENIES Mr. Nghiem's motion for leave to file a motion for reconsideration.

    **B.**    **Motion for Certification of Interlocutory Appeal**

Second, the Court considers Mr. Nghiem's motion for leave to file an interlocutory appeal. Since Mr. Nghiem has failed to even attempt to show that any of the statutory requirements for a certification for interlocutory review are met, the Court hereby DENIES his motion for leave to file an interlocutory appeal.

**IV.**    **ORDER**

Based on the above reasoning, the Court hereby ORDERS the following:

1. Mr. Nghiem's motion for leave to file a motion for reconsideration is DENIED;
2. Mr. Nghiem's motion for leave to file an interlocutory appeal is DENIED; and
3. the case SHALL remain stayed.

**IT IS SO ORDERED.**

Dated: March 25, 2022

BETH LABSON FREEMAN
United States District Judge