United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER P NGHIEM,

Plaintiff,

v.

SANTA CLARA UNIVERSITY, et al.,

Defendants.

Case No. 21-cv-06872-PCP

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING RULE 56(D) MOTION**

Dkt. Nos. 67, 77

Peter Nghiem, a former part-time adjunct lecturer, filed this employment discrimination lawsuit against Santa Clara University (SCU) alleging race and age discrimination. SCU moves for summary judgment, and Nghiem moves to delay summary judgment under Federal Rule of Civil Procedure 56(d). For the reasons that follow, the Court grants SCU's motion for summary judgment and denies Nghiem's Rule 56(d) motion.

**BACKGROUND**

Nghiem was a quarterly part-time adjunct lecturer (QAL) within the Department of Computer Science and Engineering (COEN) at SCU from 2018–2020. He was 60–62 years old during the relevant time period and is of Vietnamese descent. The COEN Department was chaired by Nam Ling, who is of Chinese descent. Nghiem taught two courses (COEN 210 and COEN 389) at SCU in Fall 2019 and was scheduled to teach these courses again in both Winter 2019 and Spring 2020. Purportedly because of SCU's policy that a course with fewer than seven registered students will be cancelled, both courses were cancelled for those two terms. Nghiem was scheduled to teach COEN 210 again in Fall 2020, but the course was cancelled for the same reason.

Nghiem was not rehired as a QAL in Spring 2021, which SCU claims was due to his five

cancelled low-enrollment courses over the four terms. Nghiem alleges, however, that his courses were cancelled because of his race and his age.

Nghiem also alleges that he was denied a full-time position because of these protected characteristics. In support of that claim, he alleges that Chairperson Nam Ling told him in December 2019 that he "had not been considered for the openings because of [his] old age" and that the Department was "looking for younger PhD graduates who focused more in doing research even though they could not teach well." Dkt. No. 86, at 8.

In a separate incident, Nghiem alleges that SCU's Online / Hybrid Learning Specialist Jeremy Kemp subjected him to harassment when Kemp implied that Nghiem was not qualified to teach Computer Architecture. Specifically, Nghiem alleges that Kemp said that "Peter did not know his subject matter because he could not explain it to a 6-year-old," after which Nghiem filed a complaint with SCU's Title IX Office in August 2019. Dkt. No. 59, at 5. Another workshop participant (Brian Larkin) also allegedly reported this incident to the Title IX Office.

Finally, Nghiem alleges that Nam Ling recruited his daughter Grace Ling, who took Nghiem's COEN 210 course, to "calumniate" Nghiem by posting a negative review on ratemyprofessor.com in December 2019. Nghiem filed a formal complaint against Grace Ling with SCU in January 2020.

Nghiem thereafter filed this employment discrimination lawsuit alleging: (1) race discrimination and retaliation in violation of Title VII against SCU; (2) race discrimination and retaliation in violation of 42 U.S.C. § 1981 against SCU and individuals Nam Ling and Jeremy Kemp; (3) age discrimination and retaliation in violation of the federal Age Discrimination in Employment Act (ADEA) against SCU; (4) race and age discrimination and retaliation in violation of California's Fair Employment and Housing Act (FEHA) against SCU; (5) intentional infliction of emotional distress against SCU and individual defendants; and (6) negligent infliction of emotional distress against SCU and individual defendants. He requests declaratory relief, injunctive relief, compensatory damages, consequential damages, punitive damages, and attorneys' fees. SCU now moves for summary judgment.

## STANDARD OF REVIEW

Under the Federal Rules, a Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party may submit affidavits to support a Rule 56 motion for summary judgment. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

Under Federal Rule of Civil Procedure 56(d), if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion [for summary judgment] or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order." Fed. R. Civ. P. 56(d). A party seeking relief under Rule 56(d) must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

## ANALYSIS

### I. SCU Is Entitled to Summary Judgment.

#### A. Nghiem's Employment Discrimination Claims Fail Because He Cannot Rebut SCU's Showing of Legitimate, Nondiscriminatory Reasons for its Actions.

SCU argues that it is entitled to summary judgment on Nghiem's discrimination claims under Title VII, § 1981, ADEA, and FEHA. To establish a prima facie case of employment discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he was performing according to the employer's legitimate expectations; (3) he suffered an adverse

employment action; and (4) he was treated less favorably than similarly situated employees outside of his protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1981). Once the plaintiff meets this initial burden, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the" adverse employment action. *Id.* The plaintiff retains the burden of persuasion and can then rebut this purported nondiscriminatory reason by providing evidence that it is pretextual. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Here, SCU argues that the cancellation of Nghiem's courses and the decision not to rehire him as a QAL were due to the COEN Department's policy of cancelling courses with fewer than seven enrolled students. Dkt. No. 67-2. Acting Chairperson Silvia Figueira (who headed the COEN Department while Nam Ling was on sabbatical from Fall 2019 to Winter 2020) states that she cancelled Nghiem's COEN 210 and COEN 389 courses in Spring 2020 due to low enrollment. *Id.* at 2. Figueira notes that four other courses were also cancelled that term for the same reason, that none of those professors were Vietnamese, and that two were younger than Nghiem. SCU thus contends that it had a valid nondiscriminatory reason for its actions and that Nghiem was not treated less favorably than similarly situated employees outside of his protected classes.

Nghiem responds that his courses were cancelled because of his protected characteristics. But he fails to present any *evidence* suggesting that the adverse employment decisions were made because of his race or age, as he must do to rebut SCU's showing of a legitimate, nondiscriminatory reason for the cancellations. Dkt. No. 87, at 11. Indeed, Nghiem acknowledged in his deposition that his Spring 2020 courses were cancelled at the last minute because of low enrollment. Dkt. No. 67-1, at 5–7. Because Nghiem has not rebutted SCU's showing, summary judgment must be granted to defendants on all claims arising from the cancellation of his courses and the decision not to rehire him.

Regarding his earlier rejection from a full-time faculty position, Nghiem argues that Nam Ling's statement to him that Nghiem had "not been considered for the openings because of [his] old age" shows that SCU's purportedly nondiscriminatory rationale for that decision is pretextual. He contends that the comment amounts to a "clearly sexist, racist, or similarly discriminatory

statement" by SCU and is therefore direct evidence of pretext. *Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005); *see also Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149 (9th Cir. 1997) (holding on appeal from summary judgment that the employer's sole derogatory comment that employee was a "dumb Mexican" was enough to create an inference of discriminatory motive). Nghiem further argues that Nam Ling's comment directly demonstrates bias and that no further evidence is needed to find discriminatory animus at the summary judgment stage. *See EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (holding that "very little" direct evidence is required to survive summary judgment); *see also Chuang v Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) ("With direct evidence, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.").

SCU, however, has presented unrebutted evidence that Nam Ling was not part of the selection committee responsible for screening applicants for full-time faculty positions between 2017 and 2021, Dkt. No. 87-2, and Nghiem has not provided any evidence demonstrating why Nam Ling would have material knowledge of that process notwithstanding his noninvolvement. In the absence of such a showing, Nghiem cannot establish that Nam Ling's statement provides competent evidence of the reasons Nghiem was rejected from the role. Such a "stray" remark by a nonparticipant lacking reliable knowledge of the events at issue is insufficient, standing alone, to establish discrimination. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990). Indeed, as Silvia Figueira (who was on the relevant selection committee) points out, over 100 applications were received and only eight candidates, all with stronger research and publication records than Nghiem, were interviewed. Dkt. No. 87-1. Other than Nam Ling's comment, Nghiem presents no evidence that the selection committee (of which Ling was not a member) discriminated against Nghiem in any way.

In sum, SCU has provided valid nondiscriminatory reasons for its cancellation of Nghiem's courses, its decision not to rehire him as a QAL, and its rejection of his application for a full-time position. Because Nghiem has not provided evidence demonstrating that there is any genuine dispute of material fact, Nghiem's discrimination claims fail and the Court grants summary judgment in favor of SCU.

**B. SCU Is Entitled to Summary Judgment on Nghiem's Retaliation Claims.**

SCU also argues that it is entitled to summary judgment on Nghiem's retaliation claims under Title VII, § 1981, ADEA, and FEHA. To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) there was a causal relationship between the two. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Here, Nghiem alleges that Jeremy Kemp subjected him to harassment by making comments implying that Nghiem was not qualified to teach Computer Architecture, that he engaged in protected activity by submitting a complaint with SCU's Title IX Office, and that he subsequently suffered material adverse action by having his courses cancelled and by not being rehired as a QAL. Dkt. No. 85, at 18–19. He alleges that his complaint also resulted in the disparaging review from Grace Ling, who purportedly aided and abetted Nam Ling.

SCU is entitled to summary judgment on Nghiem's claim for retaliation because Nghiem cannot establish a causal relationship between his protected activity and the materially adverse employment actions at issue. As SCU notes, neither Nam Ling nor Figueira were aware of the complaint made against Kemp at the time it was made. Dkt. Nos. 67-1, 67-2. And Kemp had no role in the alleged adverse action against Nghiem. Thus, the Title IX complaint was disconnected from the decision to discontinue Nghiem's courses and not rehire him as a QAL. Likewise, Nghiem's claim that Grace Ling "aided and abetted" Nam Ling is unsubstantiated. While Nghiem speculates that Nam Ling directed his daughter to submit the review as retaliation for Nghiem's Title IX complaint, he has not provided any evidence to support this assertion.

Nghiem separately contends that his January 2020 complaint against Grace Ling after she posted her review may have resulted in the decision to cancel his Spring 2020 courses. Again, however, Nam Ling was on sabbatical during that time and was not responsible for course cancellations. Since there is no evidence that Grace Ling could have influenced Acting Chairperson Silvia Figueira to cancel Nghiem's courses, Nghiem's retaliation claims fail. The Court therefore grants summary judgment in favor of SCU on these claims as well.

**C. SCU Is Entitled to Summary Judgment on Nghiem's Emotional Distress Claims.**

Finally, SCU argues that it is entitled to summary judgment on Nghiem's intentional infliction of emotional distress and negligent infliction of emotional distress claims. To state a cause of action for intentional infliction of emotional distress, the plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant intended to cause or recklessly disregarded the probability of causing emotional distress; (3) the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of emotional distress by defendant's outrageous conduct. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal.App.4th 144, 160 (Cal. 2014). Similarly, to prevail on a claim for negligent infliction of emotional distress, the plaintiff must establish that: (1) the defendant was negligent; (2) the plaintiff suffered serious emotional distress; and (3) the defendant's negligence was a substantial factor in causing the plaintiff's serious emotional distress. *Id.*

Here, Nghiem asserts intentional infliction of emotional distress and negligent infliction of emotional distress claims against all defendants, including individuals Nam Ling and Jeremy Kemp. Specifically, Nghiem argues that the comments made by these individuals resulted in a loss of wages, emotional distress, and physical injuries (including cancer recurrence in Fall 2021). Dkt. No 86, at 23. Nghiem contends that the comments made by the two individuals were extreme and outrageous because they should have known that he previously survived a stroke in 2018 and had just recently recovered from prostate cancer in 2019. *Id.* SCU responds that the intentional infliction of emotional distress claim should fail because there was no extreme or outrageous conduct, and there was no intent to cause Nghiem emotional distress. SCU also contends that the intentional infliction of emotional distress and negligent infliction of emotional distress claims both fail because there is a lack of proximate causation. Dkt. No. 67, at 17.

The comments made by Nam Ling and Jeremy Kemp do not meet the high bar of extreme and outrageous conduct needed to establish a claim for intentional infliction of emotional distress. *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (Cal. 1996) ("An essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency."). Moreover, Nghiem does not present evidence that either individual *intended* to cause him

emotional distress. As to the negligent infliction of emotional distress claim, Nghiem fails to demonstrate causation between the individuals' comments and his purported cancer recurrence. And without a manifestation of physical symptoms, Nghiem must show that he suffered *serious* emotional distress. *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 930 (Cal. 1980). Because Nghiem fails to make the showing that the comments had the requisite impact on his emotional state, both the intentional infliction of emotional distress and negligent infliction of emotional distress claims fail. Accordingly, the Court also grants summary judgment in favor of SCU on these state law tort claims.

**II. The Court Denies Nghiem's Rule 56(d) Motion.**

In the alternative, Nghiem argues that the Court should delay summary judgment pending further discovery under Rule 56(d). He contends that SCU has been evasive in responding to his interrogatories and document production requests. Dkt. No. 77. In response, SCU argues that Nghiem has had ample time to engage in discovery given that the lawsuit has been ongoing for more than two years yet he has never deposed any of the individual defendants. SCU also denies Nghiem's allegations of being evasive. Specifically, SCU notes that it responded to Nghiem's June 20, 2023 requests for production and special interrogatories, but found many of the requests to be "compound, vague, and ambiguous." After the parties met and conferred several times, Nghiem refined his requests, and SCU provided a few additional answers.

Nghiem found the subsequent answers inadequate and argues that they were not fully responsive to his requests. But finding a party's responses to discovery requests unsatisfactory does not on its own establish a basis for Rule 56(d) relief. As SCU notes, Nghiem could have filed a motion to compel further responses, but did not do so at any time prior to the hearing on SCU's motion for summary judgment. Considering that this lawsuit has been ongoing for more than two years and that Nghiem has failed to depose any of the individual defendants, the Court is not convinced that there are likely to be facts that Nghiem will elicit from further discovery that would be necessary to oppose SCU's motion for summary judgment. Accordingly, the Court denies Nghiem's Rule 56(d) motion.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court grants summary judgment in favor of SCU and denies Nghiem's Rule 56(d) motion. The Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: January 5, 2024

P. Casey Pitts
United States District Judge