UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER P NGHIEM,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 21-cv-06872-PCP<br><br>**ORDER DENYING COSTS**<br>Re: Dkt. Nos. 98, 99 |

On January 5, 2024, the Court granted defendants' motion for summary judgment. Dkt. No. 92. Defendants thereafter submitted a bill of costs for a written transcript and videotaped recording of plaintiff Peter Nghiem's deposition. Dkt. No. 94. The total amount included in the bill of costs was $2,519.95. *Id.* Mr. Nghiem objects to defendants' bill of costs, arguing that some of the costs are not allowable and that this Court should deny the requested costs given his constrained financial position. Dkt. No. 98.

Civil Local Rule 54-3(c)(1) states that the cost of "an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." And Local Rule 54-3(c)(3) states that the cost of "reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." Thus, the costs requested by defendants, per the invoices attached to the bill of costs, are allowable. Dkt. Nos. 94-1, 94-2.

Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). Nonetheless, a district court has the discretion to refuse to award costs, including when a losing party has limited financial resources. *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *Stanley v. Univ. of Southern California*,

1   178 F.3d 1069, 1079 (9th Cir. 1999) ("[I]ndigency is a factor that the district court may properly

2   consider in deciding whether to award costs."). Ultimately, the losing party has the burden of

3   overcoming the Rule 54(d)(1) presumption by affirmatively showing that the prevailing party is

4   not entitled to costs. *Save Our Valley v. Sound Transit*, 335 F3d 932, 945 (9th Cir. 2003).

5         Here, Mr. Nghiem argues that the Court should refuse to award costs to defendants

6   because of his limited financial resources. He asserts that he has "very low income as a part-time

7   caregiver" and that he "has to sleep in the living room of his mother's single bedroom housing

8   apartment while storing most of his very limited personal belongings in Personal Storage." Dkt.

9   No. 98, at 5. The Court previously granted Mr. Nghiem's motion for leave to proceed in forma

10  pauperis. Dkt. No. 9.

11        The evidence submitted by Mr. Nghiem establishes that, in light of his current financial

12  situation, paying $2,519.95 in costs would present a significant financial hardship for him.

13  Awarding costs to defendants in this case could also have a chilling effect on future civil rights

14  litigants. For both of these reasons, the Court invokes its discretion to deny any award of costs to

15  defendants.

16  **IT IS SO ORDERED.**

17  Dated: February 8, 2024

P. Casey Pitts
United States District Judge